IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> MICHAEL WEITZEL, <br> Defendant. | Case No. CR10-3025 <br> ORDER FOR PRETRIAL DETENTION |

On the 3rd day of November, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney John H. Lammers. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

### RELEVANT FACTS

On July 21, 2010, Defendant Michael Weitzel was charged by Indictment (docket number 1) with conspiracy to distribute methamphetamine (Count 1), two counts of distributing methamphetamine, (Counts 2 and 3), and distributing methamphetamine within 1,000 feet of a protected location (Count 4). Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on December 27, 2010.

Toby Schissel, an officer with the Mason City Police Department, and assigned to the North Central Iowa Narcotics Task Force, testified regarding the circumstances underlying the instant charges. Law enforcement worked with a Confidential Informant on three controlled buys of methamphetamine from Defendant. Two of the three controlled buys were recorded. Law enforcement also recorded phone calls involving drug transactions.

After the third controlled buy, Mason City police officers followed Defendant and observed another drug transaction. Specifically, officers followed Defendant from his house to another house, and observed Defendant meet with a third party. After meeting with the third party, officers stopped Defendant and he was arrested. Officers found one-half ounce of methamphetamine on Defendant. The following day, the third party acknowledged that she purchased methamphetamine from Defendant on the previous day.

The arrest warrant in this case was outstanding for three months prior to Defendant's arrest. According to Officer Schissel, while law enforcement was looking for Defendant, multiple press releases regarding the arrest warrant were released to the public. Schissel opined that it was "common knowledge" that Defendant had an outstanding arrest warrant. Defendant's grandmother told law enforcement that Defendant "took off" after state charges were dropped because Defendant knew that federal charges would be brought against him.

According to the pretrial services report, Defendant is 30 years old, has never been married, and is the father of two children from two separate relationships. Defendant's mother has legal custody of his oldest daughter, and his youngest daughter was adopted by another family.

Defendant was born and raised in Mason City, Iowa. Defendant's mother and sister reside in Mason City. Defendant also has a brother who resides in Osage, Iowa. Defendant informed the pretrial services officer that he lived with his mother and oldest daughter in Mason City prior to his arrest. According to his mother, however, she "hadn't seen him" since early August 2010.

Defendant is currently unemployed. He has not worked since April 2010. Over the past 20 months, he has only been employed for about 3 months at a Hardee's restaurant in Mason City.

Defendant is in good physical health and has no past or present mental health or emotional concerns. Defendant reports occasional alcohol use, but states that it has never

been problematic. According to Defendant, he has used methamphetamine at least two to three times per week since age nineteen. His last use was approximately one-and-a-half weeks before his arrest. He received substance abuse treatment while incarcerated, and has undergone substance abuse counseling at Prairie Ridge Addiction Treatment Services in Mason City.

Defendant has an extensive criminal record. In 1998, Defendant received a deferred judgment and one year probation on a third degree burglary charge. On March 16, 1999, while on probation, Defendant was charged and later convicted of attempted third degree burglary. In July 1999, the deferred judgment in the burglary case was withdrawn and Defendant was sentenced to five years in prison and three years probation. The prison term was suspended. Defendant was sentenced to two years in prison on the attempted burglary, given two years probation, and ordered to spend 180 days in a residential facility. The prison term was suspended. He was found in contempt of court in July 2001 and April 2002, and was sentenced to five days in jail and six days in jail respectively.

In February 2001, Defendant was charged and later convicted of under age possession of alcohol, first offense. In July 2001, Defendant was charged and later convicted of assault causing bodily injury and driving while barred, habitual offender.

In May 2003, Defendant was charged and later convicted of driving while barred. In June 2003, Defendant was charged and later convicted of driving while barred. In November 2003, Defendant was charged and later convicted of driving while barred. In that case, Defendant failed to appear for court three times, with warrants then issued.

In June 2004, Defendant was charged and later convicted of possession of drug paraphernalia. Also in 2004, Defendant was convicted of driving while barred, criminal mischief, and another driving while barred.

In January 2005, Defendant was charged and later convicted of fifth degree criminal mischief and fifth degree theft. In February 2005, Defendant was charged and later

3

convicted of possession of a controlled substance and driving while barred, habitual offender. He was sentenced to nine months in jail and one year probation on the possession charge. The jail term was suspended. Defendant was sentenced to 60 days in jail on the driving while barred charge. Between July 19 and September 9, 2005, Defendant missed four scheduled appointments with his probation officer, submitted two urine samples that tested positive for methamphetamine, and failed to attend required substance abuse treatment. On October 21, 2005, Defendant's probation was revoked, and Defendant was sentenced to four months in jail. On March 17, 2006, Defendant failed to appear for a contempt of court hearing, and an arrest warrant was issued. The warrant was served on May 8, 2006.

On December 13, 2006, Defendant was charged and later convicted of possession of a controlled substance, third offense. Defendant was sentenced to five years in prison and five years probation. On September 7, 2007, Defendant was found in violation of probation by failing to keep a scheduled appointment with his probation officer, testing positive for methamphetamine, and failing to attend required substance abuse treatment. Defendant was sentenced to seven days in jail, and his probation continued. On November 14, 2007, Defendant was found in contempt of court for failing to keep appointments with his probation officer and substance abuse counselor and not residing at his approved residence. Defendant's probation was modified and he was placed at a residential facility. On March 24, 2008, Defendant was found in violation of probation for testing positive for use of methamphetamine. Defendant was placed in the violators program, and his probation continued. On February 24, 2009, Defendant's probation was revoked for being arrested on the drug charge described below. Defendant was sentenced to five years in prison. He was paroled on November 30, 2009. His parole was discharged on February 22, 2010.

On February 6, 2009, Defendant called the phone of a subject being served with an unrelated search warrant, seeking to purchase an amount of methamphetamine. Defendant

was arrested when he arrived at the arranged location where the methamphetamine purchase was to take place. Defendant was charged and later convicted with possession of a controlled substance, second offense. Defendant was sentenced to two years in prison. He was paroled on November 30, 2009. He was discharged from parole on February 22, 2010.

On April 23, 2010, Defendant was charged with possession with intent to deliver methamphetamine. The charge remains pending in state court. This is apparently the same transaction which constitutes Count 4 of the instant Indictment.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving

5

minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to distribute methamphetamine, two counts of distributing methamphetamine, and distributing methamphetamine within 1,000 feet of a protected location, which are offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute methamphetamine, two counts of distributing methamphetamine, and distributing methamphetamine within 1,000 feet of a protected location. The evidence against the Defendant is strong. Police officers worked with a confidential informant on three controlled buys of methamphetamine from Defendant. Two of the buys were recorded. Following the third controlled buy, officers followed Defendant and observed him engage in another drug transaction with a third party. The third party admitted to police that she purchased methamphetamine from Defendant.

Defendant has a history of regular methamphetamine use. Defendant has a substantial criminal record, including multiple drug offenses. Furthermore, the majority of Defendant's crimes occurred while he was on probation or pretrial release. Defendant has repeatedly failed on probation by failing to report, continuing to use drugs, and re-offending. Defendant also has a history of failing to appear at court proceedings. It is likely that Defendant knew there was an outstanding warrant for his arrest, but evaded arrest for several months. Based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is

confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (November 2, 2010) to the filing of this Ruling (November 4, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 4th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA